1

2                                                                    *E-Filed 1/29/13*

3

4                        UNITED STATES DISTRICT COURT

5                      NORTHERN DISTRICT OF CALIFORNIA

6                           SAN FRANCISCO DIVISION

7

8    JAVARIO R. CREAR,                        No. C 12-5149 RS (PR)

9              Petitioner,                    **ORDER TO SHOW CAUSE;**

10        v.                                  **DIRECTIONS TO CLERK TO
                                              AMEND DOCKET**
11   CONNIE GIPSON, Warden,

12             Respondent.

13   _____/

14

15                              **INTRODUCTION**

16        This is a federal habeas corpus action filed pursuant to 28 U.S.C. § 2254 by a *pro se*

17   state prisoner.  The petition is now before the Court for review pursuant to 28 U.S.C. § 2243

18   and Rule 4 of the Rules Governing Section 2254 Cases.  **Respondent shall file an answer or**

19   **dispositive motion on or before May 1, 2013, unless an extension is granted.**

20                              **BACKGROUND**

21        An Alameda County Superior Court jury convicted petitioner of first degree murder

22   and possession of a firearm by a felon.  According to the petition, he received a sentence of

23   81 years-to-life in state prison.

24                              **DISCUSSION**

25        This Court may entertain a petition for writ of habeas corpus "in behalf of a person in

26   custody pursuant to the judgment of a State court only on the ground that he is in custody in

27

28

**United States District Court**
For the Northern District of California

violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a). A district court considering an application for a writ of habeas corpus shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto."  28 U.S.C. § 2243.  Summary dismissal is appropriate only where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false.  *See Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990).

As grounds for federal habeas relief, petitioner claims that his right to due process was violated by (1) the trial court's denial of his mistrial and new trial motions; (2) the trial court's denial of his motion to exclude certain evidence; (3) the trial court's exclusion of certain evidence; (4) the trial court's issuance of a flight instruction; and (5) the cumulative effect of all these errors.  When liberally construed, these claims appear to be cognizable on federal habeas review.

**CONCLUSION**

1.  The Clerk shall serve by certified mail a copy of this order, the petition and all attachments thereto, on respondent and respondent's counsel, the Attorney General for the State of California.  The Clerk shall also serve a copy of this order on petitioner.

2.  Respondent shall file with the Court and serve on petitioner, within **ninety (90)** days of the date this order is filed, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted based on petitioner's cognizable claims.  Respondent shall file with the answer and serve on petitioner a copy of all portions of the state trial record that previously have been transcribed and that are relevant to a determination of the issues presented by the petition.

3.  If petitioner wishes to respond to the answer, he shall do so by filing a traverse with the Court and serving it on respondent's counsel within **thirty (30)** days of the date the answer is filed.

No. C 12-5149 RS (PR)
ORDER TO SHOW CAUSE

4.  In lieu of an answer, respondent may file, within **ninety (90)** days of the date this order is filed, a motion to dismiss on procedural grounds, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases.  If respondent files such a motion, petitioner shall file with the Court and serve on respondent an opposition or statement of non-opposition within **thirty (30)** days of the date the motion is filed, and respondent shall file with the Court and serve on petitioner a reply within **fifteen (15)** days of the date any opposition is filed.

5.  Petitioner is reminded that all communications with the Court must be served on respondent by mailing a true copy of the document to respondent's counsel.

6.  It is petitioner's responsibility to prosecute this case.  Petitioner must keep the Court and respondent informed of any change of address and must comply with the Court's orders in a timely fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

7.  Upon a showing of good cause, requests for a reasonable extension of time will be granted provided they are filed on or before the deadline they seek to extend.

8.  The Clerk shall amend the docket to reflect that Connie Gipson, the warden of the prison in which petitioner is housed, is the **<u>sole</u>** respondent in this action.  Petitioner erroneously named as respondent this Court.  Gipson, not this Court, is the sole proper respondent in this action, as she is the custodian having day-to-day control over petitioner, the only person who can produce "the body" of the petitioner.  *Brittingham v. United States*, 982 F.2d 378, 379 (9th Cir. 1992) (quoting *Guerra v. Meese*, 786 F.2d 414, 416 (D.C. Cir. 1986)).

9.  Petitioner's motion to proceed *in forma pauperis* (Docket Nos. 5, 8 & 9) is GRANTED.  The Clerk shall terminate Docket Nos. 5, 8 & 9.

**IT IS SO ORDERED.**

DATED:  January 28, 2013

RICHARD SEEBORG
United States District Judge