*E-Filed 9/26/13*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

JAVARIO P. CREAR,

Petitioner,

v.

CONNIE GIPSON, Warden,

Respondent.

_________________________________/

No. C 12-5149 RS (PR)

**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS**

## INTRODUCTION

Petitioner seeks federal habeas relief from his state convictions. For the reasons set forth below, the petition for such relief is DENIED.

## BACKGROUND

In 2010, an Alameda County Superior Court jury convicted petitioner of first degree murder and possession of a firearm by a felon consequent to which he received a sentence of 81 years-to-life in state prison. Petitioner was denied relief on state judicial review. This federal habeas petition followed.

Evidence presented at trial demonstrated that petitioner shot his friend Angelo Lewis to death in June 2006. In September of that year, Oakland police heard from two sources who implicated petitioner in Lewis's murder. In October, petitioner was arrested on a stolen car charge after a police pursuit. During the arrest, petitioner "repeatedly asked whether he was being arrested 'because I shot someone' or 'for killing anyone' or for a '187.'"[1] Police found a .25 caliber handgun on the street where they had seen petitioner throw items from the car. After hearing of petitioner's arrest, Oakland police twice interrogated petitioner, who confessed to murdering Lewis. He stated that he feared Lewis would kill him. At trial, the two police sources who originally implicated petitioner, Antwan Adger and Kevin "Chill" Willis, were called as witnesses. Both refused to answer any meaningful questions, and denied implicating petitioner. (Ans., Ex. B at 2–3 and 8–9.)

As grounds for federal habeas relief, petitioner claims that his right to due process was violated by (1) the trial court's denial of his mistrial and new trial motions; (2) the trial court's denial of his motion to exclude his taped confession; (3) the trial court's exclusion of impeachment materials; (4) the trial court's issuance of a flight instruction; and (5) the cumulative effect of all these errors.

## STANDARD OF REVIEW

Under the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), this Court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). The petition may not be granted with respect to any claim that was adjudicated on the merits in state court unless the state court's adjudication of the claim: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that

[1] California Penal Code section 187 defines "murder."

was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." *Id*. § 2254(d). "Under the 'contrary to' clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the] Court has on a set of materially indistinguishable facts." *Williams (Terry) v. Taylor*, 529 U.S. 362, 412–13 (2000).

"Under the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id*. at 413. "[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Id*. at 411. A federal habeas court making the "unreasonable application" inquiry should ask whether the state court's application of clearly established federal law was "objectively unreasonable." *Id*. at 409.

## DISCUSSION

### I. Denial of Motion for Mistrial and New Trial Motion

Petitioner claims that the trial court violated his due process rights by not granting his mistrial and new trial motions. His motions were based on statements made by (A) the prosecutor and (B) interrogating officer Sergeant Morris regarding Adger and Willis. Specifically, petitioner argues that the inclusion of those statements amounts to testimonial hearsay, violating his right to a fair trial, and the right to confront witnesses. Petitioner's motions for a mistrial and new trial were denied by the trial court, who reasoned that its evidentiary rulings were proper, any prejudice was cured by jury instructions, and any prejudice was outweighed by the petitioner's confession.

United States District Court
For the Northern District of California

**A. Prosecutor's Comments**

Petitioner claims that the prosecutor's statements and questions, as well as the use of the word "informant" during the course of the trial, amount to the inclusion of testimonial hearsay so prejudicial that it could not be cured by limiting instructions. During his opening statement, the prosecutor described the police's contact with Adger and Willis. Later, the prosecutor asked both men about what they allegedly told police, but they each denied having ever implicated petitioner. In response to objections by defense counsel, the trial court barred the prosecutor from asking Sergeant Morris about Adger and Willis, instructed the jury that statements by attorneys are not evidence, and gave instructions to ignore all questions and answers made during the testimony of Adger and Willis.

The state appellate court, having concluded that the court's limiting instructions and admonishments overcame any prejudice, rejected petitioner's claims:

> The trial court did not abuse its discretion. True, the prosecutor's opening statement and the questions he posed to Adger conveyed important details about the shooting to the jury, and signaled that Willis's accusation, had he testified, would have substantially corroborated [another witness's] testimony. But, the jury was twice admonished, before opening statements and again before deliberating, that nothing the attorneys say nor the questions that they ask witnesses are evidence. The court instructed that "Nothing that the attorneys say is evidence. In their opening statements and closing arguments the attorneys discuss the case, but their remarks are not evidence. Their questions are not evidence. Only the witnesses' answers are evidence. The attorneys' questions are significant only if they helped you to understand the witnesses' answers. Do not assume that something is true just because one of the attorneys asked a question that suggested it was true." . . . Nothing in the record undermines . . . the court's finding that the jury could, and did, comply with its instructions.

(Ans., Ex. B at 11–12.)

Habeas relief is not warranted here. Jurors are presumed to follow their instructions. *See Richardson v. Marsh*, 481 U.S. 200 (1987). Here, the jury was twice admonished, before opening statements and before deliberation, that nothing the attorneys say is evidence. There were further instructions to disregard all statements by the two police contacts. The state appellate court reasonably assumed the jury followed those instructions, ignoring the prosecutor's opening remarks and questions. Furthermore, because the prosecutor's

comments were not supported by the testimony of Adger and Willis, the jury had little reason to believe such assertions.

The state appellate court also found no basis to infer that using "informant" to describe the police contacts made a significant difference to the jury. Given the refusal of Adger and Willis to testify, the prosecutor's statements were not supported by any evidence the jury could use. Even assuming the use of "informant" was prejudicial, the Supreme Court "has not yet made a clear ruling that admission of irrelevant or overtly prejudicial evidence constitutes a due process violation sufficient to warrant issuance of the writ." *Holley v. Yarborough*, 568 F.3d 1091, 1101 (9th Cir. 2009). Also, again, the possibility of prejudice is greatly reduced by the failure of Adger and Willis to support the prosecutor's statements. Furthermore, petitioner's confession during his interrogation dooms any showing of prejudice. In sum, the state appellate court's determination was reasonable and is entitled to AEDPA deference. Accordingly, this claim is DENIED.

**B. Interrogating Officer's Comments at Trial**

Petitioner claims that the trial court erred in denying his motion for a mistrial due to Sergeant Morris's testimony about his "informants," which violated his right to confront witnesses. After Adger and Willis failed to testify in any meaningful way, the court permitted Morris to testify generally that he received inculpatory information from two police sources. The court instructed the jury, both before and after the testimony, that the officer's statements regarding informants could be used only to explain why the officer questioned petitioner about the murder, and not to prove that statements by Adger and Willis to police were truthful. This instruction was again repeated after closing arguments.

The state appellate court found that the Confrontation Clause was not implicated, as the officer's statements were not hearsay, but rather only introduced to explain his actions:

> Evidence that the Oakland police were following investigative leads rather than arbitrarily singling [petitioner] out was put in issue by the defense theory. The court minimized the potential for prejudice by limiting the testimony about those leads to the minimum necessary to allow officers to explain their actions and by instructing the jury not to consider the suspicion for its truth . . . .



United States District Court
For the Northern District of California

> [Petitioner's] argument that Morris's testimony about the police tips violated his confrontation rights is also without merit . . . . Here, [the] statements were admitted for the nonhearsay purpose of explaining why police focused on [petitioner] as a suspect in Lewis's murder.

(Ans., Ex. B at 12.)

The Confrontation Clause applies to all out-of-court testimonial statements offered for the truth of the matter asserted, i.e., "testimonial hearsay." *See Crawford v. Washington*, 541 U.S. 36, 51 (2004). Out-of-court statements by witnesses that are testimonial hearsay are barred under the Confrontation Clause unless (1) the witnesses are unavailable, and (2) the defendants had a prior opportunity to cross-examine the witnesses. *Id.* at 59. Police testimony describing or outlining statements from a witness in lieu of the witness's live testimony constitutes testimonial statements subject to the Confrontation Clause. *Ocampo v. Vail*, 649 F.3d 1098, 1108–10 (9th Cir. 2011). The Confrontation Clause does not bar, however, the use of testimonial statements for purposes other than establishing the truth of the matter asserted. *Crawford*, 541 U.S. at 59 n.9. A trial court's evidentiary findings have a presumption of correctness, which must be overcome by petitioner. *Ortiz-Sandoval v. Gomez*, 81 F.3d 891, 897 (9th Cir. 1996).

Confrontation Clause claims are subject to harmless error analysis. *United States v. Nielsen*, 371 F.3d 574, 581 (9th Cir. 2004). For purposes of federal habeas corpus review, the standard applicable to violations of the Confrontation Clause is whether the inadmissible evidence had an actual and prejudicial effect upon the jury. *See Hernandez v. Small*, 282 F.3d 1132, 1144 (9th Cir. 2002) (citing *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993));

Habeas relief is not warranted here. First, the state appellate court's finding that the statements were not hearsay is entitled to a presumption of correctness. Second, such correctness is bolstered by the jury instructions given. The limitations on how the jury could use that evidence were repeated on three separate occasions, and nothing on the record overcomes the presumption that the trial court appropriately limited the evidence to non-hearsay purposes. Because the statement were offered for a nonhearsay purpose, petitioner's

Confrontation Clause claim necessarily fails. Third, even if admission of such statements violated petitioner's right to confrontation, no prejudice ensued. Petitioner confessed to the crime after two rather short interrogations. Accordingly, this claim is DENIED.

**II. Voluntariness of Confession**

Petitioner contends that the trial court violated his due process rights by admitting his confession. He claims the confession was involuntary owing to his exhaustion, and the increasingly louder and more aggressive badgering acts by the police, which included threats of prosecution for rape, kidnapping, and prostitution, and promises of leniency. Petitioner told his girlfriend during a recorded telephone call from jail that the police "did not trick him." (Ans., Ex. B at 5.) The officers also denied using such tactics. The trial court found the officers credible, a determination the state appellate court concluded was supported by substantial evidence:

> The trial court found that Morris[, one of the interrogating officers], not [petitioner], was telling the truth. We cannot disturb its credibility determination. [¶] Nor, on this record, was it error for the trial court to reject [petitioner's] claims that the detectives' tactics were unduly coercive. [Petitioner] was advised of his *Miranda* rights at the outset of the interview, and waived them. He was provided with food, water, and bathroom breaks. He never complained of feeling ill and exhibited no injuries or need for medical attention. According to Sergeant Morris's testimony, which the trial court found truthful, [petitioner] was neither threatened nor given promises of leniency; nor was he grabbed, shaken, or otherwise physically coerced.
>
> Moreover, [petitioner] was no stranger to the criminal justice system. He had previously been arrested, provided *Miranda* warnings and convicted on a number of occasions. The interviews in this case were not unduly long; the first lasted 90 minutes and the second two and a half hours, with an intervening two and a half hour break. These circumstances do not support [petitioner's] claim that the interview was unduly coercive.

(*Id.* at 7.)

Involuntary confessions in state criminal cases are inadmissible under the Fourteenth Amendment. *Blackburn v. Alabama*, 361 U.S. 199, 207 (1960). A court on direct review is required to determine, in light of the totality of the circumstances, "whether a confession [was] made freely, voluntarily and without compulsion or inducement of any sort." *Withrow v. Williams*, 507 U.S. 680, 689 (1993) (internal quotation marks and citation omitted). A

federal habeas court must review de novo the state court's finding that a confession was voluntarily given. *Derrick v. Peterson*, 924 F.2d 813, 818 (9th Cir. 1990). A state court's subsidiary factual conclusions, however, are entitled to the presumption of correctness. *Rupe v. Wood*, 93 F.3d 1434, 1444 (9th Cir. 1996) (deferring to state appellate court's conclusion that challenged statement did not constitute threat or promise).

"[C]oercive police activity is a necessary predicate to the finding that a confession is not 'voluntary' within the meaning of the Due Process Clause." *Colorado v. Connelly*, 479 U.S. 157, 167 (1986). The interrogation techniques of the officer must be "the kind of misbehavior that so shocks the sensibilities of civilized society as to warrant a federal intrusion into the criminal processes of the States." *Moran v. Burbine*, 475 U.S. 412, 433–34 (1986). Generally encouraging a petitioner to tell the truth does not amount to police coercion. *Amaya–Ruiz v. Stewart*, 121 F.3d 486, 494 (9th Cir. 1997). Police deception alone "does not render [a] confession involuntary," *United States v. Miller*, 984 F.2d 1028, 1031 (9th Cir. 1993), nor is it coercive to recite potential penalties or sentences, including the potential penalties for lying to the interviewer, *United States v. Haswood*, 350 F.3d 1024, 1029 (9th Cir. 2003). Again, the pivotal question in cases involving psychological coercion, "is whether [, in light of the totality of the circumstances,] the defendant's will was overborne when the defendant confessed." *United States v. Miller*, 984 F.2d 1028, 1031 (9th Cir.1993). Habeas relief is not warranted here. First, this Court must defer to the state court's credibility determination in favor of the interrogating officers. Second, the record supports the state court's conclusion that the confession was voluntary. In denying the petitioner's appeal, the state appellate court noted that petitioner had waived his *Miranda* rights twice,[2] was provided with food, water, and bathroom breaks, never complained of feeling ill, and displayed no signs of injury. (*Id.*) Furthermore, as noted above, he was subject to two relatively short interrogations (90 minutes and two and a half hours), separated

---

[2] *Miranda v. Arizona*, 384 U.S. 436, 444 (1966).

by a two and a half hour break. (*Id*.) The state appellate court also noted that petitioner's previous criminal record, and previous waivers of his *Miranda* rights, showed that he had familiarity with the criminal justice system. (*Id*.) All of these factors support the state appellate court's factual determinations. On such a record, that court's decision was reasonable, and therefore entitled to AEDPA deference. This claim is DENIED.

**III. Exclusion of Alleged Impeachment Materials**

During rebuttal, the prosecution called Officer Longmire, one of the interrogating officers, who testified that he had been on the Oakland police force for almost twenty-five years. The court invited juror questions after the testimony. Two questions were presented, both asking generally whether Longmire or Morris had ever been disciplined. The trial court told the jury those questions were not legally relevant. After resting, the defense asserted that the court wrongly prevented the cross-examination of the officer, in particular the opportunity to impeach Longmire with an allegation that he had been once on administrative leave from work for six months after "the Black Muslim Bakery investigation." (Ans., Ex. B at 13.) The court stated that the time to introduce such evidence had passed, and introducing this evidence after the parties had rested would be confusing to the jury.

Petitioner claims that the court's exclusion of jury questions and Longmire's alleged disciplinary record violated his due process rights to a fair trial, to present a defense, and to confront witnesses. Additionally, the petitioner claims that his trial attorney rendered ineffective assistance by failing to tie Longmire's disciplinary action to alleged improper interrogation tactics.

The state appellate court rejected these claims. It found that whether Longmire had been an active member of the police force for twenty-five years, or for twenty-four years and six months, was of little relevance, and that the trial court did not abuse its discretion in excluding the evidence. (Ans., Ex. B at 13–14.) The appellate court also concluded that the trail court was well within its discretion to exclude this evidence to prevent juror confusion. (*Id*.) Regarding the ineffective assistance of counsel claim, the appellate court found because

United States District Court
For the Northern District of California

there was no actual evidence of disciplinary action on the record, petitioner "cannot show a reasonable probability that the outcome would have been more favorable had the attorney raised this argument at trial." (*Id.*)

The Supreme Court has established that the Constitution, in light of well-established rules of evidence, does not prohibit trial judges from excluding defense evidence that is only marginally relevant or poses a risk of confusion. *Holmes v. South Carolina*, 548 U.S. 319, 326–327 (2006). In order for a trial error to result in a grant of a writ of habeas corpus, it is established Supreme Court precedent that the petitioner must show the error caused a substantial injurious effect on the jury's verdict. *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993).

Habeas relief is not warranted here. As there is nothing in the record to show that the officer actually *was* on a six-month administrative leave, this Court cannot evaluate the probative value of that hypothetical evidence . Similarly, any error attributed to excluding hypothetical evidence is harmless under the *Brecht* standard. The petitioner's subsidiary claim of ineffective assistance of counsel fails for the same reason. On that record, the state appellate court's determination was reasonable, and therefore is entitled to AEDPA deference. This claim is DENIED.

## IV. CALCRIM No. 372 ("Defendant's Flight")

Petitioner claims that the inclusion of a jury instruction on flight deprived him of his due process rights by, "erecting an irrational permissive inference of guilt of murder and improperly reducing the People's burden of proof on identification and the extent of homicide culpability." (Pet., Ex. C at 17) (citation omitted). Petitioner also argues that there was insufficient evidence of flight to support the instruction.

Petitioner's original arrest was for car theft. Upon seeing the police, he fled in the car, and returned to his house. After showering and changing his clothes, petitioner realized that the police had blockaded his housing block. He surrendered. The arresting officer heard petitioner ask, "'is this about a murder' or 'a 187?'" (Ans., Ex. B at 15.) As a result, the

court included the following standard instruction (CALCRIM No. 372) on a defendant's flight: "If the defendant fled or tried to flee immediately after the crime was committed or after he was accused of committing the crime, that conduct may show that he was aware of his guilt . . . ."

The appellate court found no error with the flight instruction, and rejected petitioner's claim:

> [Petitioner's] testimony suggested that he knew at the time of his arrest that some people believed he was responsible for the shooting. In any event, nothing in the law — nor, for that matter, common sense — mandates that flight from police can support an inference of guilt on if it occurs immediately after an offense. Here, although [petitioner] argues he could just as likely have been fleeing police to avoid his arrest for auto theft or possession of a firearm, the evidence also supports an inference that he fled because he believed he was suspected in the Lewis murder. It was thus up to the jury to determine "which of several possible reasons actually explains why [petitioner] fled."

(Ans., Ex. B at 15–16) (citations omitted)

A grant of federal habeas relief can only be based on state court jury instructions if those erroneous instructions "so infected the entire trial that the resulting conviction violates due process." *Estelle v. McGuire*, 502 U.S. 62, 72 (1991). Instructions are evaluated holistically, in the light of all the evidence, arguments of counsel, and the instructions as a whole. *Id.* The first step in analyzing whether an instruction that creates an evidentiary inference violates due process by relieving the state of its burden of proving each element of a crime beyond a reasonable doubt is to determine whether the instruction creates a mandatory presumption or a permissive inference. *See United States v. Warren*, 25 F.3d 890, 897 (9th Cir. 1994). "[A] permissive inference instruction allows, but does not require, a jury to infer a specified conclusion if the government proves certain predicate facts." *Id.*

Courts "determine the constitutionality of a permissive inference instruction on a case-by-case basis" by reviewing the record evidence to see if the court can say with substantial assurance that the inferred fact flows more probably than not from the facts proven in the particular case. *See Warren*, 25 F.3d at 898. If the inference instruction violated the petitioner's right to due process, the petitioner can only obtain relief if the unconstitutional

inference instruction resulted in actual prejudice under *Brecht v. Abrahamson*, 507 U.S. 619, 637–38 (1993).

The state appellate court's conclusion that the jury instructions were permissive and constitutional, and that the instructions did not infect the entire trial, or have a substantial or injurious effect on the verdict, is reasonably within current Supreme Court precedent. Also, there has been no showing of prejudice. First, upon arrest, petitioner immediately suspected he was being arrested for a murder. Second, he confessed to the crime after a not lengthy and non-coercive interrogation. This claim is DENIED.

**V. Cumulative Error**

Petitioner claims that even if the errors individually do not justify relief, the cumulative effect of all errors resulted in a fundamentally unfair trial. In some cases, although no single trial error is sufficiently prejudicial to warrant reversal, the cumulative effect of several errors may still prejudice a defendant so much that his conviction must be overturned. *See Alcala v. Woodford*, 334 F.3d 862, 893–95 (9th Cir. 2003).

Petitioner has not shown that there were any errors, let alone that there were several errors that in combination prejudiced him. Since the state appellate court did not find that any of the preceding claims constituted error, their lack of finding on cumulative error is entirely reasonable, and is entitled to AEDPA deference. This claim is DENIED.

**CONCLUSION**

The state court's adjudication of the claim did not result in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, nor did it result in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. Accordingly, the petition is DENIED.

A certificate of appealability will not issue. Reasonable jurists would not "find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Petitioner may seek a certificate of appealability from the Ninth Circuit Court of Appeals. The Clerk shall enter judgment in favor of respondent and close the file.

**IT IS SO ORDERED**.

DATED: September 26, 2013

RICHARD SEEBORG
United States District Judge